IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. KRIZ, ) | |
| ) | |
| Plaintiff, ) | 4:05cv3254 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| 12th JUDICIAL DISTRICT BOARD OF ) | |
| MENTAL HEALTH OF BOX BUTTE ) | |
| COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

    This matter is before the court on filing no. 10, the Motion filed by the plaintiff, Michael J. Kriz, for an extension of time to pay the court's filing fee. In filing no. 2, the plaintiff moved for leave to proceed in forma pauperis ("IFP"), and in filing no. 5, the court granted the motion to proceed IFP and issued a "prisoner payment order" assessing the entire $250 filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), but allowing the plaintiff to pay the fee in installments.

    However, the court erred in applying the PLRA to the plaintiff. The plaintiff is in the custody of the Lincoln Regional Center pursuant to a judgment by the 12th Judicial District Board of Mental Health of Box Butte County that he is mentally ill and dangerous. The Prison Litigation Reform Act ("PLRA") does **not** apply to persons in custody pursuant to mental health commitment, as the definition of "prisoner" in the PLRA does not include a person involuntarily committed for reasons of mental health. See, e.g., Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001). Accord Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004); Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002); Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000).

    The prisoner payment order will be vacated; the Regional Center will be notified to cease collection of any filing fees from the plaintiff's trust account, and all fees received thus far will be refunded. The court apologizes to the plaintiff for the error.

    IT IS THEREFORE ORDERED:

    1.    That filing no. 10 is granted in that the plaintiff has no responsibility for the filing fee for this case;

    2.    That filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is granted, but filing no. 5, the Prisoner Payment Order, is vacated, as the Prison Litigation Reform Act does not apply to the plaintiff;

1

3.     That the plaintiff's institution and all future institutions with custody of the plaintiff shall cease collections immediately of any filing fee for the above-entitled litigation;

4.     That the Clerk of Court shall **immediately** refund to the plaintiff's trust account at the Lincoln Regional Center all funds received as payment toward the filing fee in this case (e.g., filing no. 7 - $21.92);

5.     That the Clerk of Court shall refund all funds received in the future, if any, attributable to the filing fee for the above-entitled case; and

6.     That the court deeply regrets the mistaken assessment of the filing fee in this case and thanks the plaintiff for bringing the matter to the court's attention.

DATED this 13th day of December, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge