IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. KRIZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3254 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| 12th JUDICIAL DISTRICT BOARD OF MENTAL HEALTH OF BOX BUTTE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| MICHAEL J. KRIZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3255 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| 12th JUDICIAL DISTRICT BOARD OF MENTAL HEALTH OF BOX BUTTE COUNTY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Case No. 4:05cv3254 is before the court on filing no. 17, the Motion for Extension of Time to Answer filed by defendant-Dr. Sanat K. Roy; filing no. 18, the Motion to Dismiss filed by Dr. Sanat K. Roy; filing no. 20, the Motion to Stay filed by Dr. Sanat K. Roy, and filing no. 23, the Motion to Expedite filed by the plaintiff, Michael J. Kriz.

Case No. 4:05cv3255 is before the court on filing no. 17, the Motion for Summary Judgment filed by the respondent, Lincoln Regional Center; filing no. 21, the Motion for Status Report filed by the petitioner, Michael J. Kriz; and filing no. 22, the petitioner's Motion to Expedite.

1

In both cases, Mr. Kriz raises the same claims. On or about October 20, 1992, Mr. Kriz was involuntarily committed to the Lincoln Regional Center ("LRC") under the Nebraska Mental Health Commitment Act. While he does not disclaim *any* need for treatment, Mr. Kriz does not believe he continues to require inpatient treatment, and he protests that he is not receiving treatment in the least restrictive available setting. Mr. Kriz does not challenge his original commitment. Instead, he claims that he is not receiving appropriate treatment or services in the least restrictive available setting and that those of the defendants/respondents responsible for his treatment on an inpatient basis at the LRC are **presently** violating his right to due process. At the same time, Mr. Kriz wishes to be released from the LRC, and he may also be seeking release from state custody altogether.

## Applicable Law

These cases demonstrate the difficulties of explaining to a confined person precisely which claims must be brought in a habeas corpus action, and which may be presented in a civil rights action pursuant to 42 U.S.C. § 1983. The distinction is important because It is a cardinal principle of federal habeas corpus law that a habeas claim must have been fairly presented to, i.e., exhausted in, the state district and appellate courts before the claim reaches a federal district court in a habeas corpus petition.

<u>Release from Custody</u>

Release from custody is the exclusive province of a habeas corpus action. See generally <u>Wilkinson v. Dotson</u>, 125 S. Ct. 1242 (2005): "The Court initially addressed the relationship between § 1983 and the federal habeas statutes in <u>Preiser v. Rodriguez</u> .... [T]he language of the habeas statute is more specific, and the writ's history makes clear that it traditionally 'has been accepted as the specific instrument to obtain release from

2

[unlawful] confinement.' Preiser, 411 U.S., at 486...."  On the other hand, a "prisoner's claim for an injunction barring future unconstitutional procedures" does not "fall within habeas' exclusive domain."  Wilkinson v. Dotson, 125 S. Ct. at 1247.  "[T]he [United States Supreme] Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."  Id.

The decisions by the Supreme Court defining the line between habeas and § 1983 actions include Heck v. Humphrey, 512 U.S. 477 (1994), in which the Court held that a plaintiff may not directly or indirectly litigate the validity of his commitment or of his *continued* custody in a civil rights action.  Id. at 486-87 (An action under 42 U.S.C. § 1983 which would call into question the lawfulness of a plaintiff's commitment is not cognizable until after the judgment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

The principles pronounced in Heck v. Humphrey extend to involuntary civil commitments.  See, e.g., Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("Heck's favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus. Unlike the PLRA, the habeas statute is not textually limited to 'prisoners.'  Rather, § 2254 directs that a federal court 'shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court.'... It is well established that detainees

3

under an involuntary civil commitment ... may use a § 2254 habeas petition to challenge a term of confinement."). See also Von Flowers v. Leean, 215 F.3d 1331, 2000 WL 554518 at **2 (7th Cir.) (unpublished) (the plaintiff, serving an indeterminate civil commitment under Wisconsin's sexual predator law, "is not entitled to sue for damages for his allegedly unconstitutional confinement until he shows that the order of commitment has already been invalidated"), cert. denied, 531 U.S. 866 (2000).  Accord Hubbs v. Alamao, 360 F. Supp.2d 1073, 1080-81 (C.D. Cal. 2005) (Heck precludes § 1983 conspiracy and equal protection claims by individual committed as a sexual predator, as the claims implied the invalidity of the commitment); Rogers v. Illinois Dept. of Corrections Special Eval. Unit, 160 F. Supp.2d 972, 977-78 (N.D. Ill. 2001) (Heck bars § 1983 claim that unconstitutional criteria were used to select sex offenders for civil commitment proceedings).

Conditions of Confinement

On the other hand, Mr. Kriz may maintain an action pursuant to 42 U.S.C. § 1983 to challenge conditions of his confinement, including the propriety of inpatient treatment as opposed to some other less restrictive form of custody consistent with his condition, such as a outpatient treatment, a half-way house, a residential program such as The Heather in Lincoln, Nebraska, or supervised release.  After thirteen years of inpatient treatment and programming, he is certainly entitled to question the efficacy of that treatment and why he cannot move on to a less restrictive type of custody.  The remedy of total release from state custody must be litigated in a habeas corpus proceeding, but conditions of confinement including the issue of a less restrictive custodial setting may be addressed in a civil rights action.

Also, during the entire period of his commitment, Mr. Kriz is entitled to ongoing

4

reviews and other protections to ensure that the State remains empowered to detain him at all. In Foucha v. Louisiana, 504 U.S. 71 (1992), for example, the United States Supreme Court clarified that an insanity acquittee has an ongoing right to due process procedures adequate to ensure his release once the acquittee is either no longer dangerous or no longer mentally ill. Id. at 77-83. Also, a four-Justice plurality of the Court considered that, as a matter of equal protection, an insanity acquittee who has recovered his sanity must be released just as any other person subject to an involuntary civil commitment would be entitled to release in such circumstances. Id. at 86 (but see O'Connor, J., concurring in the judgment but declining to reach the equal protection issue, id. at 88.). Obviously, the same principles apply to a person subject to an involuntary civil commitment.

In addition to his right to due process to ensure the validity of his continued detention, Mr. Kriz has other rights which he may assert in litigation pursuant to 42 U.S.C. § 1983. In Youngberg v. Romeo, 457 U.S. 307 (1982), the Supreme Court held that a committed individual "enjoys constitutionally protected interests in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests." Id. at 324. The Eighth Amendment "deliberate indifference" standard applied to convicted prisoners is a *minimum* standard of culpability. Dolihite v. Maughon By and Through Videon, 74 F.3d 1027, 1041 (11th Cir. 1996). "[P]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. at 321-22. In addition, "[w]hen a person is institutionalized-and wholly dependent on the State-it is conceded by [the State]

that a duty to provide certain services and care does exist, although even then a State necessarily has considerable discretion in determining the nature and scope of its responsibilities." Id. at 315.  Thus, a state bears responsibility for providing services, at least to some degree, to involuntarily committed psychiatric patients.  The State may not simply "warehouse" Mr. Kriz; he is entitled to appropriate services and care.

Furthermore, involuntary administration of psychotropic medication to a mental patient implicates a liberty interest traceable to the Due Process Clause itself.  Washington v. Harper, 494 U.S. 210, 221-22, 227 (1990).  Thus, Mr. Kriz has rights to constitutional conditions of confinement which do not expire, are not barred, and may be asserted in an action pursuant to 42 U.S.C. § 1983.

Mr. Kriz does not seek monetary relief in either case, and thus, neither of his cases implicates the State's sovereign immunity from claims for damages.[1]   On the other hand, the doctrine of Ex Parte Young, 209 U.S. 123 (1908), holds that the Eleventh Amendment to the United States Constitution does not bar suits for prospective injunctive relief against state officials in their official capacity.  A suit to enjoin state officials in their official capacity may proceed if the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective, although a declaratory judgment establishing past liability of the State is nevertheless forbidden by the Eleventh Amendment.  Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 646 (2002).

---

[1]"States and state officers acting in their official capacity are immune from suits for damages in federal court."  Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 609 (2001), *citing* Edelman v. Jordan, 415 U.S. 651, 663 (1974).

6

**Motions in Case No. 4:05cv3254**

The plaintiff's claims relating to the current conditions of his confinement will not be dismissed, and Dr. Roy's Motions to Dismiss and to Stay will be denied. If Mr. Kriz is not being held in the least restrictive available treatment program consistent with his condition, if he is receiving unconstitutionally deficient services, or if he is being subjected to involuntary administration of psychotropic medication, his due process rights may be implicated. On the other hand, he may not litigate the issue of release from state custody in the context of a civil rights action pursuant to 42 U.S.C. § 1983, as release may be addressed only in a habeas corpus proceeding after exhaustion of state court remedies.

As Mr. Kriz' claims relate to his present circumstances and the remedies of declaratory and prospective injunctive relief if those circumstances violate the United States Constitution, Mr. Kriz shall complete the forms for service of process on the defendants who remain involved in his present treatment. The Nebraska Attorney General accepts service of process on behalf of state employees in their official capacity pursuant to Neb. Rev. Stat. § 25-510.02(1), but not individual-capacity service for the same people. The plaintiff has obtained service of process on Dr. Roy in Dr. Roy's individual capacity (filing no. 16). However, the record does not indicate that Dr. Roy has been served in his official capacity. In his official capacity, Dr. Roy is, as a matter of law, the equivalent of the State of Nebraska and the Nebraska Department of Health and Human Services which has jurisdiction over the LRC. Therefore, the Clerk of Court shall send the plaintiff a summons form and a Form 285 to be completed by Mr. Kriz for service of process by the U.S. Marshal on Dr. Sanat K. Roy, in his official capacity, c/o Nebraska Attorney General's office, 2115 State Capitol, Lincoln, Nebraska 68509.

**Motions in Case No. 4:05cv3255**

The pending motions in Case No. 4:05cv3255 are granted. Mr. Kriz' Motion for Status Report (filing no. 21) and Motion to Expedite (filing no. 22) are granted by the filing of this Memorandum and Order. However, filing no. 17, the respondent's Motion for Summary Judgment, must also be sustained because Mr. Kriz has not yet exhausted his state court remedies.

Under the Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 71-901 to 71-962, an involuntarily committed patient may request a review hearing. In the alternative, a patient may, but is not required to, seek a writ of habeas corpus in a state court. In re Interest of Powers, 493 N.W.2d 166, 168-69 (Neb. 1992). Neb. Rev. Stat. § 71-935 (previously § 83-1046) of the Mental Health Commitment Act "grants the [pertinent mental health] board authority to hold a review hearing upon the subject's motion." Id., 493 N.W.2d at 168. The State bears the burden of establishing that the patient remains mentally ill and dangerous and warrants continued involuntary hospitalization. In re Interest of Dickson, 469 N.W.2d 357, 359 (Neb. 1991).

Whether he seeks a review hearing before the Mental Health Board or a writ of habeas corpus in state court, Mr. Kriz must invoke the appropriate appeal procedures if he does not obtain the relief he seeks. If Mr. Kriz moves for a review hearing before the Mental Health Board, the Board's decision, if unsatisfactory to Mr. Kriz, must be appealed to the District Court, then to the Nebraska Court of Appeals, followed by a petition for further review in the Nebraska Supreme Court. Then the decision will be "exhausted" and may be the subject of a habeas corpus petition in this court. In the alternative, if Mr. Kriz decides to seek a writ of habeas corpus in the Lancaster County District Court, and if the

writ is denied, he must appeal to the Nebraska Court of Appeals, followed by a petition for further review in the Nebraska Supreme Court. Thereafter, he may come to this court. The point of "exhaustion" is that each level of the Nebraska state court system (District Court, Court of Appeals and Nebraska Supreme Court) must have an opportunity to hear Mr. Kriz' claims before he may file for a writ of habeas corpus in federal district court.

Because the state appellate courts have not yet had that opportunity, Case No. 4:05cv3255 must be dismissed without prejudice so that Mr. Kriz may exhaust his remedies **either** before the Mental Health Board or in a state court habeas case, and in either event entirely through the Nebraska appellate courts. Therefore, judgment will be entered dismissing Mr. Kriz' Petition for Writ of Habeas Corpus and Case No. 4:05cv3255, without prejudice. However, the companion civil rights action, Case No. 4:05cv3254, will continue in this court.

THEREFORE, IT IS ORDERED:

1. That in Case No. 4:05cv3254, filing no. 17, the Motion for Extension of Time to Answer filed by defendant-Dr. Sanat K. Roy, is granted, and the defendant's response to the complaint is deemed timely;

2. That in Case No. 4:05cv3254, filing no. 18, Dr. Roy's Motion to Dismiss, is denied, and Dr. Roy has 20 days to answer the complaint;

3. That in Case No. 4:05cv3254, filing no. 20, Dr. Roy's Motion to Stay, is denied;

4. That in Case No. 4:05cv3254, filing no. 23, the plaintiff's Motion to Expedite, is granted, and this Memorandum and Order will serve to expedite the case;

5. That the Clerk of Court shall send the plaintiff a summons form and a Form

285 to be completed by the plaintiff for service of process by the U.S. Marshal on Dr. Sanat K. Roy, in his official capacity, c/o Nebraska Attorney General's office, 2115 State Capitol, Lincoln, Nebraska 68509;

6.  That the plaintiff shall, within 30 days, complete and return the forms to the Clerk of Court; upon receipt of the completed forms, the Clerk shall sign the summons and forward it, together with a copy of the complaint, to the U.S. Marshal for service of process; the court will copy the complaint for the Marshal; the Marshal shall serve the summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal;

7.  That in Case No. 4:05cv3255, filing no. 17, the respondent's Motion for Summary Judgment, is granted;

8.  That in Case No. 4:05cv3255, filing no. 21, the petitioner's Motion for Status Report, is granted;

9.  That in Case No. 4:05cv3255, filing no. 22, the petitioner's Motion to Expedite, is granted;

10. That Case No. 4:05cv3255 is dismissed without prejudice; and judgment will be entered accordingly.

DATED this 17th day of May, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge