IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. KRIZ, | ) | |
| Plaintiff, | ) | 4:05CV3254 |
| v. | ) | |
| 12TH JUDICIAL DISTRICT BOARD OF MENTAL HEALTH OF BOX BUTTE COUNTY, Sued as County Butte, and DR. SANAT K. ROY, in his individual and official capacity, | ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

This matter is before the court on motions to dismiss filed by defendants Sanat K. Roy, M.D., Filing No. 72, and the 12th Judicial District Board of Mental Health of Box Butte County ("the Board"), Filing No. 77. This is a civil rights action for damages and injunctive relief for deprivation of constitutional rights under 42 U.S.C. § 1983 and violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

I.   **BACKGROUND**

The plaintiff is committed to the custody of the Nebraska Department of Health and Human Services at the Lincoln Regional Center psychiatric facility. Defendant Roy is his treating psychiatrist there and is allegedly responsible for the plaintiff's care and treatment. In his complaint, the plaintiff alleges that he was involuntarily committed to the Lincoln Regional Center fifteen years ago. Filing No. 66. He alleges that he has been denied prompt and adequate treatment in that he has remained in level-one inpatient treatment for fifteen years when the average length of treatment at that level is three years. He

asserts that he has reached a level of functioning that exceeds the minimum for intermediate or residential outpatient treatment.  He has sued Dr. Roy in both his official and individual capacities.  The caption of the case shows that the Board is "sued as Butte County."

In an earlier order granting the plaintiff leave to file an amended complaint, this court stated that "Mr. Kriz may maintain an action pursuant to 42 U.S.C. § 1983 to challenge conditions of his confinement, including the propriety of inpatient treatment as opposed to some other less restrictive form of custody consistent with his condition, such as an outpatient treatment, a half-way house, a residential program such as The Heather in Lincoln, Nebraska, or supervised release."  Filing No. 24, Order at 4 (also noting that "[t]he remedy of total release from state custody must be litigated in a habeas corpus proceeding, but conditions of confinement including the issue of a less restrictive custodial setting may be addressed in a civil rights action.").  This court further noted that, because Mr. Kriz did not seek monetary relief, the state's sovereign immunity from suit was not implicated.  *Id.* at 6.  Noting that Dr. Roy had been sued in his individual and official capacities, but had only been served in his individual capacity, the court stated that the Nebraska Attorney General accepts service of process on behalf of state employees in their official capacity and directed the Clerk of Court to send the pro se plaintiff a summons form for completion by Mr. Kriz for service of process by the U.S. Marshal on Dr. Sanat K. Roy, in his official capacity, at the Nebraska Attorney General's office in Lincoln.  *Id.* at 7.  The court noted that "[i]n his official capacity, Dr. Roy is, as a matter of law, the equivalent of the State of Nebraska and the Nebraska Department of Health and Human Services

which has jurisdiction over the [Lincoln Regional Center].  *Id*.  The record shows that Dr. Roy was so served.  Filing No. 27.

In the same order, the court dismissed the plaintiff's companion case, a habeas corpus action, for failure to exhaust state court remedies.  *Id.* at 10; *Kriz v. 12th Judicial District Board of Mental Health of Box Butte County, et al*., No. 4:05-cv-3255.  The record shows that Kriz is presently pursuing his habeas corpus remedies in state court.  *See* Filing Nos. 45, 46, 47 (staying this proceeding pending outcomes in state court).

The Board was named as a defendant in the plaintiff's original *pro se* complaint in this case.  Filing No. 1.  A summons was issued and the U.S. Marshal filed a return of summons as executed by mailing via certified United States Mail to the clerk of the District Court of Box Butte County, Nebraska.  Filing No. 12, Summons; Filing No. 13, Summons returned executed.  The Board did not answer or otherwise respond to the complaint.  In an order entered pursuant to a status conference after counsel was appointed for the plaintiff, the court noted "the plaintiff reported he had not obtained appropriate service on the 12th Judicial District Board of Mental Health of Box Butte County."  *See* Filing No. 65, Order at 1.  The plaintiff was granted leave to file an amended complaint and to effect service, and directed to file a proof of such service.  *Id*.  Although a summons was later issued, no proof of service of that summons has been filed.  See Filing No. 67, Request for Summons; Filing No. 68, Summons.

In its motion to dismiss, the Board first asserts that there is no such entity as the "12th Judicial District Board of Mental Health of Box Butte County, sued as County Butte," and that if there is such an entity that qualifies as a "person" under § 1983, it has not been properly served.  The Board acknowledges in its brief that the Nebraska Department of

3

Health and Human Services evaluates and administers treatment to the defendant as a dangerous sex offender. Filing No. 78, Brief at 8. It asserts that a claim challenging the petitioner's conditions of confinement would be a suit against the State, the Department of Health and Human Services, the Lincoln Regional Center and/or the Nebraska Department of Correctional Services. *Id.* at 16. The Board also asserts that it has absolute judicial immunity and moves to dismiss based on that ground, as well as for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process and failure to state a claim on which relief can be granted.

Dr. Roy moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. He first asserts that the action is barred by the State's sovereign immunity. He next asserts that this court lacks jurisdiction because the proper vehicle by which to challenge custody is a habeas corpus action. Further, he argues that the plaintiff's amended complaint fails to state a claim for relief under the Eighth Amendment, the Fourteenth Amendment, the ADA, or the Rehabilitation Act.

## II.   DISCUSSION

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, —, 127 S. Ct. 1955, 1964 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1964). In order to survive

a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 1965. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Sanderson v. C.I.R.,* 231 F. App'x 534, 535 (8th Cir. 2007) (not designated for publication). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966.

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. *Gordon v. Hansen,* 168 F.3d 1109, 1113 (8th Cir. 1999). "'[C]ommitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.'" *Revels v. Sanders,* 519 F.3d 734, 740 (8th Cir. 2008) (*quoting Jones v. United States,* 463 U.S. 354, 361 (1983)). A

5

person involuntarily confined to a mental health facility has an ongoing right to due process procedures adequate to ensure that he is released once he is either no longer dangerous or no longer mentally ill. *Foucha v. Louisiana*, 504 U.S. 71, 77-83 (1992). Further, "the Due Process Clause 'requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed.'" *Jones v. United States*, 463 U.S. at 367 *quoting* *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)).

Although an involuntarily committed patient such as plaintiff is not a prisoner, "his confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). Because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply. *Id.* The rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment. *Youngberg v. Romeo,* 457 U.S. 307, 324-325 (1982). The substantive component of the Fourteenth Amendment's Due Process Clause requires the State to provide involuntarily committed mental patients with such services as are necessary to ensure their "reasonable safety" from themselves and others. *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 199 (1989). Also, the protections of the Due Process Clause, both substantive and procedural, may be triggered when the State, by the affirmative acts of its agents, subjects an involuntarily confined individual to deprivations of liberty which are not among those generally authorized by his confinement. *Id.* at 200 n.8.

Unjustified institutional isolation of persons with disabilities is a form of discrimination that violates Title II of the ADA. *Olmstead v. L.C. ex rel. Zimring,* 527 U.S.

581, 600 (1999). Similarly, institutionalization without individual, reasoned professional assessment is discrimination that violates Section 504 of the Rehabilitation Act if it is supported by federal funds. *Id.* at 597 n.9; *Winters v. Arkansas Dep't of Health and Human Servs.*, 491 F.3d 933, 936 (8th Cir. 2007) (noting the failure to provide reasonable medical care to pretrial detainee on the basis of a disability could be considered discrimination under the ADA and Rehabilitation Act).

The Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). However, the Eleventh Amendment is not a bar to "federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996) (explaining the doctrine of *Ex parte Young*, 209 U.S. 123 (1908)). Also, Title II of the ADA validly abrogates state sovereign immunity at least insofar as it creates a private cause of action for damages against states for conduct that violates the Constitution. *United States v. Georgia,* 546 U.S. 151, 159 (2006).

Under Nebraska law, "[m]embers of the mental health board shall have the same immunity as judges of the district court." Neb. Rev. Stat. § 71-915. Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). Judicial immunity attaches to a particular

7

official function, not to a particular office. *Forrester v. White,* 484 U.S. 219, 227 (1988). It is only for acts that are performed in a "judicial" capacity that a judge is absolutely immune. *Stump v. Sparkman,* 435 U.S. 349, 363 n.12 (1978). Under the doctrine of quasi-judicial immunity, those "perform[ing] functions essential to the judicial process" enjoy absolute immunity for damage claims arising from their performance of the delegated functions. *Moses v. Parwatikar,* 813 F.2d 891, 892 (8th Cir.1987) (court-appointed psychiatrist performing competency examination enjoyed absolute immunity).

## II.   ANALYSIS

The parties' contentions with respect to failure to state a claim and sovereign immunity were addressed for the most part in the court's earlier order. The plaintiff does not challenge his original commitment or the legality of his confinement. He asserts a due process violation in the alleged failure of state officials to provide him with reviews and other protections to ensure that the State remains empowered to detain him. Because he has not been convicted, the Eighth Amendment does not apply. However, the Fourteenth Amendment remains a viable avenue of redress for plaintiff's assertions of constitutional violations by state officials. Dr. Roy's contention that a habeas action is plaintiff's only remedy was also discussed in the court's earlier opinion. Accordingly, the court finds that the plaintiff's complaint states a claim against defendant Roy under 42 U.S.C. § 1983. Plaintiff also alleges that he has been discriminated against because of his disability. Liberally construed and taken as true, his allegations state claims under the ADA and the Rehabilitation Act.

With respect to the defendants' contentions regarding Eleventh Amendment immunity, defendant Roy can be sued in his official capacity under § 1983 only for

prospective relief. Plaintiff's claims for compensatory and punitive damages can proceed only against Dr. Roy in his individual capacity.

It appears that the Board's contention that it has not been properly served has merit. The court need not address that issue, however, because the court finds that the plaintiff's allegations against the Board are barred by judicial immunity. Any actions that the Board would have taken in connection with the commitment or the review of the commitment of the plaintiff would necessarily have been quasi-judicial functions. Accordingly,

IT IS ORDERED:

1. Defendant Sanat K. Roy, M.D.'s motion to dismiss (Filing No. 72) is denied.

2. Defendant 12th Judicial District Board of Mental Health of Box Butte County's motion to dismiss (Filing No. 77) is granted.

3. Defendant 12th Judicial District Board of Mental Health of Box Butte County is dismissed as a party defendant.

4. The parties shall have fifteen (15) days from the date of this order in which to file a planning report with the court pursuant to Federal Rule of Civil Procedure 26(f).

DATED this 25th day of June, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge