IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. KRIZ,     Plaintiff, v. DR. SANAT K. ROY, in his individual and official capacity,     Defendant. | 4:05CV3254 MEMORANDUM AND ORDER |

This matter is before the court on defendant's motion for summary judgment, Filing No. 106, and plaintiff's motion for a ruling, decision or summary judgment, Filing No. 117. Plaintiff is a patient at the Lincoln Regional Center (LRC) psychiatric facility in Lincoln, Nebraska. Plaintiff brought this action for violations of 42 U.S.C. § 1983, alleging violations by the defendant under the Eighth and Fourteenth Amendments in Count I; violations of Title II of the American with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12132, and the Civil Right Act of 1991 in Count II; and violations under the Rehabilitation Act of 1973, 29 U.S.C. § 794 in Count III. Amended Complaint, Filing No. 66. On or about June 25, 2008, this court dismissed the suit against defendant 12th Judicial District Board of Mental Health of Box Butte County (Board). Filing No. 87. The court also concluded that for purposes of the motion to dismiss, the complaint stated a claim against Dr. Roy under 42 U.S.C. § 1983, the ADA, and the Rehabilitation Act. Filing No. 87.

**Introduction**

Plaintiff is committed to the custody of the Nebraska Department of Health and Human Services at the LRC psychiatric facility pursuant to Neb. Rev. Stat. Rev. § 71-901

*et seq.*, known as the Nebraska Mental Health Commitment Act. Defendant Dr. Roy is his treating physician and is employed by this agency through the State of Nebraska. Plaintiff alleges the Board involuntarily committed him fifteen years ago to LRC. Plaintiff further alleges Dr. Roy denied him prompt and adequate treatment, as he has remained primarily in level-one inpatient treatment for fifteen years, where the average length of treatment is normally three years. Plaintiff argues that he has reached a point of functioning where Dr. Roy should place him in an intermediate or outpatient treatment facility. He sues defendant Dr. Roy in both his individual and official capacities. (See Filing No. 87, Order, for further procedural history.)

Dr. Roy, in both his individual and official capacities, filed this motion for summary judgment pursuant to Fed. R. Civ. P. 56(b). Filing No. 106. Dr. Roy argues the State of Nebraska involuntarily committed plaintiff on October 20, 1992, pursuant to Neb. Rev. Stat. §§ 71-901 *et seq.* Dr. Roy is a psychiatric doctor at the LRC where he founded and administers the Sex Offender Program. Plaintiff is a patient in that program. Dr. Roy contends that plaintiff's global function (GAF) has not improved, and in fact has decreased somewhat during his stay at LRC. This GAF score is a measure of what level of care plaintiff needs. Further, plaintiff is now diagnosed with schizoaffective disorder and obsessive disorder. Dr. Roy testified in his deposition that plaintiff does not follow through on his treatment plans and regresses in his behavior. Plaintiff has a significant deviant sexual history. *See* Chart Review by Cindy Nash, Ph.D., Filing No. 108, Attachment B.

**Standard of Review**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). "Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if a defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 174 (8th Cir. 1987).

Once the defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e)(2); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show there is sufficient evidence to support a jury verdict in his or her favor. *Id.* "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Although facts are viewed in the light most favorable to the non-moving party, in order to defeat a motion for

summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis Univ.*, 167 F.3d 398, 401 (8th Cir. 1999). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

**Discussion**[1]

*A. Sovereign Immunity*

Dr. Roy first argues that he is entitled to sovereign immunity in his official capacity. "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'. . ." *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir. 1991) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Furthermore, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984) (emphasis in original). *See Becker v. University of Nebraska,* 191 F.3d 904, 908 (8th Cir. 1999): "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction." *See also Hess v. Port Authority Trans-Hudson Corp.,* 513 U.S. 30, 39

---

[1] Plaintiff argues that Dr. Roy failed to plead the affirmative defenses of Eleventh Amendment and qualified immunity. The court notes that Dr. Roy did not file an answer yet as to the amended complaint, but Dr. Roy raised these defenses instead in this motion for summary judgment. The court believes that the better procedural method would have been to file the answer to the amended complaint and then file the motion for summary judgment. However, plaintiff filed his amended complaint on February 11, 2008; defendant filed the motion to dismiss on February 26, 2008; this court denied the motion to dismiss on June 25, 2008; and Dr. Roy filed the motion for summary judgment on October 20, 2008. Further, Dr. Roy did file an answer to the original complaint on May 26, 2006, where he raised these immunity issues as affirmative defenses. Accordingly, the court will permit Dr. Roy to raise these issues through the summary judgment process. *See Mitchell v. City of Boston*, 130 F. Supp.2d 201, 209 n.9 ( D. Mass. 2001) (allowing late assertion of immunity defense in a summary judgment motion is in the discretion of the trial court).

(1994): "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." *Accord Treleven v. University of Minnesota,* 73 F.3d 816, 818 (8th Cir. 1996): "The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens." The civil rights laws of the United States do not abrogate state sovereign immunity. "[A] State is not a 'person' as that term is used in [42 U.S.C.] § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Public Railways Com'n,* 502 U.S. 197, 201 (1991). Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska or its agencies and instrumentalities, and the State of Nebraska and its agencies and instrumentalities cannot be made to answer to the plaintiff in this court for the alleged deprivation of his civil rights.

Dr. Roy argues that he is entitled to sovereign immunity in his official capacity, as it is in reality a suit against the State of Nebraska seeking monetary relief. *Patteson v. Johnson,* 367 N.W.2d 123, 127 (Neb. 1985). The Eleventh Amendment to the United States Constitution prohibits the plaintiff from maintaining a claim for damages against the state or a state agency or instrumentality.

In addition, a suit for damages against a governmental officer in the officer's official capacity is the equivalent of naming the governmental entity itself as the defendant. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Therefore, a claim against an officer, in his or her official capacity, is in reality a claim against the entity that employs the officer. *See Parrish v. Luckie,* 963 F.2d 201, 203 n.1 (8th Cir. 1992): "Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . ."

5

*See also Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996), *quoting Kentucky v. Graham*: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Accord Trevelen,* 73 F.3d at 818:  "[T]he Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially 'for the recovery of money from the state.'"  (Citation omitted.)

The court agrees that plaintiff's federal claims are barred by the Eleventh Amendment, where plaintiff named Dr. Roy in his official capacity. *See Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997) (Eleventh Amendment immunity bars § 1983 damages claim against State and its agencies); *Robb v. Hungerbeeler,* 370 F.3d 735, 739 (8th Cir. 2004) (official-capacity suit is treated as suit against government entity). Consequently, Dr. Roy, in his official capacity, as an employee of the State of Nebraska or a related state agency, is protected by the Eleventh Amendment from claims for monetary relief brought by the plaintiff.  The court will sustain Dr. Roy's motion for summary judgment insofar as the plaintiff seeks damages from Dr. Roy in his official capacity.

The court does not grant the motion with respect to the claim for injunctive relief in Dr. Roy's official capacity.  *Edelman,* 415 U.S. at 667-68 (prospective injunctive relief permitted for ongoing violation of federal law).  However, as stated below, the plaintiff fails to allege any violation of federal law in this regard.  For the reasons stated below, the court finds plaintiff is not as a matter of law entitled to any prospective injunctive relief.

### B.  Qualified Immunity

Dr. Roy argues that he is entitled to qualified immunity.  Qualified immunity shields governmental officials from personal liability if their actions, even if unlawful, were

"nevertheless objectively reasonable in light of the clearly established law at the time of the events in question." Turpin v. County Rock, 262 F.3d 779, 783 (8th Cir. 2001) *citing* Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). The inquiry in determining whether the officials are entitled to qualified immunity focuses on whether the plaintiff has asserted a violation of a clearly established constitutional right and, if so, whether there are genuine issues of material fact as to whether a reasonable official would have known that the alleged action indeed violated that right. *Id*. "A court required to rule upon the qualified immunity issue must consider this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's [official's] conduct violated a constitutional right? This must be the initial inquiry." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Id.* The second inquiry, whether the right was clearly established at the time, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officials to avoid the burden of trial if qualified immunity is applicable. *Id.* (noting "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [official] that his conduct was unlawful in the situation he confronted.").[2]

---

[2] In the recent case of *Pearson v. Callahan*, 2009 WL 128768 (Jan. 21, 2009), the United States Supreme Court addressed the issue of qualified immunity. The court stated that *Saucier* need not always be strictly adhered to and announced that district courts had discretion when administering the *Saucier* test. The Supreme Court also concluded that the case will often proceed to fact-finding phase regarding the constitutional issue. *Id*. at *9, 10-11. Regardless of whether the court uses the *Saucier* test or the more lenient *Pearson* analysis, the result is the same in this case.

Dr. Roy argues that plaintiff has failed to provide any evidence that shows he violated any constitutional rights of the plaintiff. Absent such showing, Dr. Roy contends he must receive qualified immunity from this lawsuit. The court agrees. Dr. Roy provided evidence that plaintiff continues to be a sexual danger to the community and in particular to minor females. Filing No. 108, Ex. 1, p. 2, ¶¶ 7-9 (Affidavit (hereafter, Aff.) of Cindy Nash, treating psychologist); and Ex. 2, p. 1, ¶¶ 3 and 8 (Aff. of Dr. Roy). The chart review dated October 19, 2008, by Cindy Nash, Ph.D., outlining plaintiff's sexual history and continuing through his treatment clearly and overwhelmingly supports Dr. Roy's contention that plaintiff is still not rehabilitated and ready to go back into society. *See* Filing No. 108, Attachment B. Accordingly, Dr. Roy believes outpatient treatment is not an option for the plaintiff. Additionally, following a recent mental health hearing, the Box Butte County Mental Health Board on June 5, 2008, found plaintiff is still mentally ill and a dangerous person. Filing No. 108, Ex. 2, Attachment C, pp. 1-2. *See also* Deposition of Dr. Roy, Filing No. 108, Ex. 3. Plaintiff, on the other hand, has offered no evidence of any wrongdoing on the part of Dr. Roy, nor has plaintiff offered any evidence to rebut the case made by Dr. Roy. Accordingly, the court determines that Dr. Roy is entitled to summary judgment as a matter of law, as plaintiff has failed to meet his burden of showing there is a material issue of fact in this case.[3]

THEREFORE, IT IS ORDERED:

1. Defendant's motion for summary judgment, Filing No. 106, is granted and this case is dismissed;

---

[3] It also appears that plaintiff has the right to appeal treatment orders of the mental health board under Neb. Rev. Stat. § 71-925 to the district court which then provides for appellate review. Neb. Rev. Stat. § 71-930. The record does not disclose whether plaintiff followed this statutory scheme.

8

2. Plaintiff's motion to make a ruling, Filing No. 117, is denied as moot; and

3. A separate judgment will be filed in accordance with this memorandum and order.

DATED this 5th day of February, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Judge